## Atlanta Natural Gas, Oil and Mining Company *v.* Boyer.

[No. 3,509. Filed March 18, 1902.]

NEGLIGENCE.—*Contributory Negligence.*—*Pleading.*—A complaint in an action against a natural gas company for personal injuries caused by the escape of gas from defendant's pipes is not bad for failure to allege freedom from contributory fault on the part of plaintiff, where it does not appear by specific averments of the complaint that plaintiff was guilty of negligence.

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by Clara Boyer against The Atlanta Natural Gas, Oil and Mining Company for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. C. Blacklidge, C. C. Shirley, C. Wolf, R. B. Beauchamp* and *R. H. Proctor,* for appellant.

*J. R. Coleman, D. Waugh, G. H. Gifford* and *G. Gifford,* for appellee.

HENLEY, J.—This was an action for damages arising from personal injuries received by appellee, caused by the alleged negligence of appellant. Appellee's complaint was in three paragraphs. In each of the first and second paragraphs of the complaint it is clearly alleged that appellant negligently

failed to maintain its pipeline and negligently permitted it to become out of repair so that gas escaped therefrom and entered through a tile ditch into the cellar of the house where appellee lived, and appellee, upon entering the cellar, where a lighted lamp had been placed, was injured by the explosion which occurred just as appellee opened the door and entered the cellar.

In neither of these paragraphs is it averred that appellee was free from contributory fault. In the third paragraph of the complaint appellant's negligence and appellee's freedom from contributory fault are both expressly averred. It is not necessary in an action of this character to aver and prove, as part of the cause of action, freedom from contributory fault. Our legislature by an act entitled "An act concerning the pleadings and proof in actions for damages", etc. (Acts 1899, pp. 58, 59,) made contributory negligence a defense to an action of this character, and it does not appear by the specific allegations of either paragraph of this complaint that appellant knew, or in the exercise of reasonable care might have known, of the existence of gas in the cellar at the time she entered it; in other words the complaint does not show by its averments that appellee was guilty of negligence in entering the cellar or in any manner contributed to her injury.

Counsel for appellant contend that the act under consideration (Acts 1899, pp. 58, 59) is unconstitutional. This question has been settled by the supreme court of this State in a recent decision. *Southern Indiana R. Co.* v. *Peyton*, 157 Ind. 690. The question therefore is not an open one, and for that reason the case is not transferred to the Supreme Court for the purpose of passing upon the constitutionality of this law. *Van Camp, etc., Co.* v. *O'Brien, ante*, 152.

The record presents no error for which the judgment should be reversed.

Judgment affirmed.