LAUTIF *v.* BLADES.

[No. 14,328.  Filed April 6, 1932.]

*Charles E. Henderson, Laurens L. Henderson, James L. Murray* and *William H. Hughes,* for appellant.

*Wymond J. Beckett* and *Samuel J. Offutt,* for appellee.

LOCKYEAR, J.—This cause of action arose from a collision between two automobiles at a street intersection in the city of Indianapolis.

The appellee filed a complaint against the appellant and two other persons in which she alleges that: "East Street is a public highway running north and south through the city of Indianapolis, Marion County, Indiana; that North Street is a public highway of said city running east and west and intersecting said East Street at right angles; that Massachusetts Avenue is a public highway running northeast and southwest through said city and intersecting said North and East Streets at said right angle intersection above mentioned.

"And plaintiff says that, on or about the 1st day of April, 1926, plaintiff drove a Paige automobile south in said East Street and, as she so approached and crossed over said intersection of said Massachusetts Avenue and said North Street, defendants and each of them in a Nash sedan, negligently and recklessly drove said Nash sedan northeast, toward and against the automobile of plaintiff, and thereby negligently injured the plaintiff to her great damage.

"And plaintiff says that defendants were guilty of further negligence in this, to wit: that said defendants negligently and recklessly drove said Nash automobile at a high, unlawful and dangerous rate of speed, to wit: about forty miles per hour or more and thereby

negligently struck and destroyed the automobile of the plaintiff and thereby injured the plaintiff to her great damage."

Answer in general denial was filed to the complaint.

There was a trial by jury with a resultant verdict against the appellant for damages in the sum of $7,000, and a finding for the other two defendants. Judgment for said amount was rendered in harmony with the verdict.

The appellant filed a motion for a new trial, for each of the following reasons: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving of his own motion each of the instructions numbered 12, 17, 21 and 26; (4) the court erred in refusing to give each of the instructions tendered by this defendant, Margaret Lautiff, numbered from 1 to 11, inclusive, and erred in refusing to give each of said tendered instructions separately and severally; (5) the damages assessed by the jury in its verdict are excessive.

The motion for a new trial was overruled. Proper exceptions were taken by the appellant, and the overruling of said motion is the only error assigned in this appeal.

The appellant's brief does not point out any error in regard to the instructions given or refused by the court, and therefore any error in the matter of instructions is waived.

The appellee testified to the facts substantially as are alleged in her complaint. The undisputed evidence is to the effect that a street car was going out Massachusetts Avenue in a northeastern direction and stopped at the intersection of Massachusetts Avenue, North Street and East Street. The motorman on the street car testified that he stopped his car and that the appellee came from the north across Massachusetts

Avenue in an automobile; that she was driving at a moderate rate of speed and just as she passed across the tracks upon which his car was stopped, she was hit by a car driven by the appellant, who was going in the same direction as the street car; that appellant's car was going at a speed of about 40 miles per hour and struck appellee's car on the right, about midway, and knocked appellee's car in an easterly direction and hit another car that was on the east side of East Street. The appellant herself testified that she was driving east on Massachusetts Avenue and had her sister and little girl in the car with her; that she was out riding, going no place in particular, but was going home at the time of the accident. She saw the street car before the accident. It stopped at the corner there to let passengers off and on and it had stopped at the time of the accident. There was a safety zone there. "The only thing I know what happened is when we hit. That is all I know. Never saw the other car until we hit and could not see it, because the street car was there. I had not entered East Street before the accident; when the collision occurred, was just a little past the curbing on my right hand. I paid no attention to the speed of the car until the collision. There was a safety zone there and people got on and off the car. I thought someone would cross. Saw no one get into the street car. I did not pass the street car. The accident happened on this side, on the southeast side of Massachusetts Avenue. I was right in front of the street car, the front end of my car was past the street car, but the rear end was just about at the hood. I did not know about three cars. Did not see any. When I came up the Avenue, I was just driving looking straight ahead. That was all I could do. Could not see on account of street car."

From the testimony of the appellee herself and from the testimony of the appellant, the jury was justified in

finding that the appellant was negligent and that the appellee was free from any negligence on her part.

The appellee testified that she went to a hospital; that her knee began to swell; a doctor was called and an X-ray was taken of her knee; that her knee swelled terribly and was paining her; both hot and cold applications were administered and her knee was treated daily for a period of 11 days, after which she went back and forth to her daily work as secretary for Mr. Hardisty, going and coming in a taxicab. At the end of two years, at the time of the trial, she says the knee swells and gives pain. She testified further as follows: "And I am unable to keep my weight on the knee and can hardly go up and down the stairs. The muscles above the knee are much smaller than those on the other leg and I cannot throw my foot out in front and walk, it gives me great pain during the night if I am on it a great deal during the day."

The amount of doctor and hospital bills for which she is liable do not exceed $300.

The only medical testimony in the record is that of her physician, Dr. E. B. Mumford. He testified that, when he called upon her at the hospital, she was complaining of pain in her right knee, which was swelled, with tenderness over the knee joint and considerable limitation of motion in the knee joint. He testified that an X-ray was taken, but did not say what the result of the X-ray showed. Within a day or so after the accident, he put a needle into the knee and withdrew a quantity of blood. This was done two different times. When she left the hospital, she was under his observation for a period of several months, during which time she would complain of pain in the knee, also the inability to use the leg in certain functions, such as going up and down stairs and in walking with any rapidity, also com-

plained of fatigue, becoming tired after being upon the knee. That he used plaster of paris and sometimes ordinary starch bandages, and, after that, she got to a place where she could get about to some degree; saw her about once every one or two months, when she would come to report her condition. The knee has very little change from the external appearance of the other knee as far as the knee joint is concerned. There is a marked flabbiness and diminution in size of the right thigh, which indicates that she has some trouble within the knee joint itself. He says: "My conception of this case is, this lady had an injury to her knee in which there was a hemorrhage into the knee joint and the greater part of the blood was taken out. At one time, I though there was some injury to the cartilage. At times, I still think so. Once or twice I offered her an operation, or rather considered an operation and talked it over with her, but whether she has an injury to the cartilage or not, she has had as a result of the hemorrhage a chronic thickening, inflammatory condition within the capsule or lining of the knee joint, which accounts for her pain and her loss of function due to the change in the thigh muscles. My opinion is she is permanently injured, but do not believe it would be advisable to operate on the knee joint at the present time."

On cross-examination, he testified that the X-ray gave no information as to the injury to the bone and joint itself. The matter of pain is entirely subjective, that is, it is a condition or a symptom of which the patient complains, and which it is impossible for anyone to state exists, or does not exist, and if pain was there it would depend only on what she stated.

The appellant earnestly contends that the damages are excessive.

As a general rule a verdict will not be set aside for

excessive damages where they are not so excessive as to indicate the belief that the jury acted from ██ partiality, prejudice, corruption or other improper motives. *Alexander* v. *Thomas* (1865), 25 Ind. 268; *Southern Ind. R. Co.* v. *Davis* (1904), 32 Ind. App. 569, 69 N. E. 550; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21; *Winona, etc., R. Co.* v. *Rousseau* (1910), 48 Ind. App. 248, 93 N. E. 34, 1028. For a list of cases · in other jurisdictions, see 17 C. J. page 1122.

The amount of recovery in this case is large, and if there was anything in the record to show that the jury acted from partiality, prejudice, corruption or ██ other improper motive, we would have a right to conclude that the damages were excessive. The appellant introduced no medical expert testimony as to appellee's injuries. The court was not requested to appoint physicians or surgeons to examine the appellee, but the appellant submitted the matter to the jury on the uncontradicted testimony of the appellee and her attending physician.

The trial court appears to have been careful in the admission of evidence. The appellant objected to the appellee's counsel repeating a question as to appellant's being fined for fast driving. The court sustained the appellant's objection. No further action being requested of the court, that matter is not before us.

There is ample evidence to sustain the verdict of the jury.

There is no showing that any error was committed in the admission of evidence or instructions to the jury, and it is not shown that the jury arrived at their verdict from any source other than the evidence adduced before them at the trial.

The judgment is affirmed.