Board, etc., v. Redifer.

## Board of Commissioners of Clay County v. Redifer et al.

[No. 4,586.  Filed December 18, 1903.]

PLEADING.—*Misjoinder of Parties.*—*Demurrer.*—The question of misjoinder of parties is not raised by demurrer for want of facts. *p. 95.*

APPEAL AND ERROR.—*Misjoinder of Causes of Action.*—A judgment will not be reversed for misjoinder of causes of action.  *p. 95.*

COUNTIES.—*Township Assessors.*—*Action for Services.*—A complaint by township assessors against the board of county commissioners alleging that the county is indebted to each of them, and that the board, upon proper claim filed with it, has rejected such claims, states a cause of action.  *pp. 96, 97.*

TRIAL.—*Misconduct of Counsel.*—The action of plaintiff's attorney in exhibiting to the jury in his closing argument an instruction prepared by defendant's counsel containing an interlineation by the court, and making comments as to the preparation of the instruction by counsel, and the change therein by the court, was not such misconduct as to warrant a reversal.  *pp. 97, 98.*

EVIDENCE.—*Expert Testimony.*—*Time Required for Making Assessments.*—The questions as to how long it would take to assess certain townships for taxation and as to how many persons an assessor could assess in one day are not proper subjects for expert testimony. *pp. 99, 100.*

NEW TRIAL.—*Joint Assignment.*—*Appeal and Error.*—Where evidence excluded applied to but two of plaintiffs a motion for a new trial as to all of the plaintiffs based upon such ruling is not available. *p. 100.*

From Putnam Circuit Court; *P. O. Colliver*, Judge.

Action by Edward M. Redifer and others against the Board of Commissioners of Clay County and others. From a judgment in favor of plaintiffs, the Board of Commissioners appeals. *Affirmed.*

*A. W. Knight*, for appellant.
*S. D. Coffey* and *S. M. McGregor*, for appellees.

COMSTOCK, J.—Appellees, who were township assessors, sued appellant and the county council of Clay county, the county auditor of Clay county, and the individual members of appellant and said county council to recover

an alleged balance claimed to be due them for their services as such assessors, and also for a writ of mandate against the county council to compel it to make an appropriation of money to pay such claimed salaries, and to compel the auditor to issue his warrants to them, respectively, on the treasury for the amounts appropriated. The board of commissioners answered said complaint separately by a general denial and a plea of payment, while the other defendants answered separately by a general denial only. Trial by jury, and verdict returned in favor of said several appellees for the amount found to be due each of them respectively. Motion for new trial filed by each of the defendants, and motion sustained as to all the defendants except the board of county commissioners, whereupon plaintiffs below dismissed their action against all the other defendants, and the court finally rendered judgment against said board of commissioners in favor of each of the several appellees for the amount found to be due each by the jury, and the board of commissioners appealed.

The first question discussed under the assignment of errors is the action of the court in overruling the appellant's separate demurrer for want of facts to appellees' complaint.

It is argued that the complaint is bad, and appellant's demurrer thereto should have been sustained: (1) For the reason that the complaint discloses upon its face that the several claims of appellees were of an unliquidated and disputable character, and had not been properly determined and ascertained before the writ of mandate was sought. (2) The validity of the several claims of appellees, and the amounts due thereon, should have been definitely ascertained and fixed by some competent officer or tribunal, whose decision, while unappealed from or unreversed, was final and conclusive, before payment could be enforced by mandate. The complaint in this case, failing

to show such fact, was bad on demurrer, and a writ of mandate could not be based upon it. (3) Parties having separate and several causes of action against another party can not join as plaintiffs, unless such parties plaintiff have a common interest in the subject of the action and in the relief demanded. Each must be interested in the relief sought by the others.

In this case the appellees were authorized to join as co-plaintiffs, if authorized to do so at all, for the sole reason that the ultimate relief sought, a writ of mandate, was common to all. When that element of the case became eliminated by dismissal, then the right of recovery on the several claims ceased to exist, and each was bound to recover on his separate debt in a separate action; for, as soon as the right to a writ of mandate failed to be established, a misjoinder of causes of action became apparent.

It seems a sufficient answer to these objections: (1) That the county council is not a party to the appeal. The suit is now against the board of county commissioners alone. (2) No mandate is asked against the board of commissioners against whom alone judgment is rendered. (3) The record shows that the defendant in open court waived any error on the ground of misjoinder of parties plaintiff, and by this waiver is bound.

The question of misjoinder of causes of action is not raised, for there was no demurrer on that ground, and the question is not raised by demurrer for want of facts. *Cole* v. *Merchants Bank,* 60 Ind. 350; *Nesbit* v. *Miller,* 125 Ind. 106.

Besides, §344 Burns 1901 enacts that no judgment shall be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action. By the dismissal of the complaint as to all the defendants but the board of commissioners the question of mandate is taken out of the action.

In *State, ex rel.,* v. *Wayne County Council,* 157 Ind. 356, cited by appellant, the court held that mandamus proceedings against the county council to compel it to make an appropriation for the payment of a claim could not be sustained "where the amount of the claim is not fixed by law or is not ascertained by judgment."

*State, ex rel.,* v. *Monroe County Council,* 158 Ind. 102 (also cited by appellant), was a petition for a writ of mandate by the county assessor to require the county council to make an appropriation for the payment of a balance due him on his salary allowed him by the county commissioners and unpaid. The petition was held insufficient because it did not show that an estimate had been filed by such officer as required by the statute, or that the county council had not, in its discretion, reduced the estimate and the appropriation accordingly, such officer being entitled by statute to $3 per day for the time actually employed in the discharge of his duties. Also, that the mere fact that the board of county commissioners allowed a county assessor's claim to compensation does not of itself bind the county beyond the amount of money which had been previously appropriated for its payment. The complaint before us contains the averments in which the opinion holds that complaint was wanting.

*Turner* v. *Board, etc.,* 158 Ind. 166, was an action against appellee to recover for services rendered by him as an attorney at law in assisting the prosecuting attorney in the prosecution of a murder case. The services were rendered after the taking effect of what is known as the county reform law (Acts 1899, p. 343). The court held that the complaint was insufficient because it did not allege that there was an existing appropriation to pay for such services when appellant was appointed and rendered such services. The decision was based upon §27 of said act, which reads as follows: "No court, or division thereof, of any county, shall have power to bind such county

by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void." The section relates to allowances made by the courts, and there was but the one question before the court.

In the case at bar the record presents a judgment in a cause in which the court had jurisdiction of the parties and of the subject-matter of the action. The complaint alleges that the county is indebted to each of the appellees; that the board, upon proper claim, filed with it, has rejected such claims; and that each of the appellees is entitled to a personal judgment for the amount due.

On the trial an attorney for appellees, while making his closing argument to the jury, exhibited to the jury an instruction which had been prepared by the defendant's counsel and submitted to the court in advance of the argument, with the request that the court give the same to the jury, together with other instructions prepared and submitted to the court by defendant's counsel, and to indicate such as would be given in advance of the argument, and which said above instruction had been modified as originally prepared by defendant's counsel, by inserting and interlining therein the word "unnecessary," upon the suggestion of the court, and had signified his willingness to give said instruction as modified, with others prepared by defendant's counsel; and said counsel, while so exhibiting said instruction to the jury in his argument, used the following language, to wit: "Upon

this subject [counsel referring to this particular instruction] I want to read to you from the instruction which the court will give, what Mr. —————— [meaning and referring to one of defendant's counsel] claimed the law to be [then reading the instruction as prepared by counsel for appellant though a part of which, as hereinbefore stated, had been interlined, and continuing said]. You will observe [exhibiting the instruction to the jury] that the court had these words inserted [referring and pointing to the part interlined by the direction of the court] and interlined as follows [referring and pointing to the part the court had caused to be interlined]," and at this point counsel for the defendant requested the court to restrain said attorney from making such comments, and to direct the jury that such remarks were improper, and should not be considered by them; but the court refused and declined to do as requested, merely replying to counsel for defendant that he would allow an exception, and the court made no further remark, nor took any action as requested by defendant's counsel. It is argued that the purpose of this manner of comment was to humiliate and disparage appellant and appellant's attorneys in the estimation of the jury, and to leave the impression that the court did not agree with the view of the law taken by the appellant. The action of the court is given as another reason in the motion for a new trial. The bill of exceptions does not disclose what, if anything, occurred to call forth the remark of which complaint is made. If such reason existed, it was upon appellant to have made it appear. The remark of counsel was improper. But, as said in *Shular v. State*, 105 Ind. 289, 302, 55 Am. Rep. 211: "It is not every violation of the rules governing the discussion of causes before the jury that will entitle the complaining party to have the verdict set aside; for if the statement be an unimportant one, or one not likely to wrongfully influ-

ence the jury, the verdict will be upheld." Jurors are accustomed to the complacent reference of counsel to the rulings of the court in harmony with their own views. We do not believe that they were unjustly influenced by the conduct of which complaint is made.

Appellant undertook to prove by Dr. James and Rufus Kennedy their opinions as to the probable length of time it would take a person, exercising ordinary diligence, to assess the respective townships in which they live. The court held the evidence improper. The preliminary examinations of these witnesses showed that they were old residents of their townships; were acquainted with practically all the people, and knew their relative locations; and were, in a general way, familiar with the duties of a township assessor. The question put to Mr. Kennedy was as follows: "Now, I will renew my question, and will ask you to state, in your opinion, about how many people an assessor, exercising ordinary diligence, could assess in a day in that township?" Defendant stated to the court that the witness, if permitted to answer the question, would testify that an assessor, exercising ordinary diligence, would be able to visit and make out a list of from twenty-five to thirty taxpayers each day of ten hours a day. The following question was put to Dr. James: "I will ask you to tell the court and jury if you conferred with any of the people or taxpayers of your township with reference to the length of time it would be necessary to assess that township: The question is did you make any inquiry?"—when objection was made to it also. Counsel for appellant stated that witness would testify that thirty assessor's blanks might be filled up each day in assessing Perry township. To both questions the court sustained objections. These rulings are made reasons for a new trial. The court did not err in excluding the opinion testimony. The subject of the inquiry was not a matter of science or art or trade, and not a matter of expert

testimony. After a statement of all the facts the jury was competent to form an opinion. But the motion for a new trial is to set aside the verdict as to all the appellees.

The offered testimony, if admitted, could only have applied to two of the appellees. The motion, not being well taken as to all, is not available.

We have disposed of all the questions discussed, and find no error for which the judgment should be reversed. Judgment affirmed.

ROBY, J.—I concur in the result reached, but not in all the reasoning. The function of the court is to state the law, and the instructions given to the jury are the instructions of the court. It makes no difference whether they were requested by one party or the other or by neither. The jury are not concerned in that behalf.

In exhibiting the interlined modification, the attorney for appellees exceeded his right, and, in my opinion, the court committed reversible error in refusing to instruct the jury not to regard such matter.

I think, however, that the judgment is clearly right upon the evidence, and, such being the case, it ought not to be reversed.