## SOUTHERN RAILWAY COMPANY *v.* BULLEIT.

[No. 6,154.   Filed October 31, 1907.]

1. TRIAL.—*Recovery Exceeding Demand.*—*Pleading.*—*Amendments.* —*Statutes.*— Section 388 Burns 1901, §385 R. S. 1881, providing that if there be no answer, the relief granted cannot exceed the demand, does not apply where an answer is filed; and where relief is granted in excess of the demand, an answer being filed, an amendment increasing the demand to the amount of relief granted will be presumed.   p. 458.

2. NEW TRIAL.—*Recovery Exceeding Demand.*—*Evidence.*—*Harmless Error.*—The overruling of a motion for a new trial on the ground that the relief granted exceeded the demand, is not erroneous, where the evidence fully sustained the amount of the relief granted.   p. 458.

3. TRIAL.—*Argument to Jury.*—*Misconduct.*—*Withdrawing.*—In an action for personal injuries caused by a railroad collision, the statement: "Give him [plaintiff] $2,000. The defendant will make that much money in the time you are signing your verdict," made in the argument to the jury, is inexcusable, but when promptly withdrawn from the jury, by the judge, upon motion, does not warrant a discharge of the jury.   p. 459.

4. DAMAGES.—*Excessive.*—Where the amount of damages assessed is within the evidence, it will not be considered excessive.   p. 459.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Francis A. Bulleit against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. P. Humphrey, J. D. Welman* and *C. L. Jewett,* for appellant.

*Stotsenburg & Weathers,* and *Emery H. Breeden,* for appellee.

COMSTOCK, C. J.—While a passenger upon appellant's train, appellee received personal injuries for which he seeks to recover damages. It is alleged that his injuries are permanent, and were caused by a collision between a passenger-train and a freight-train running in opposite directions upon appellant's road. The force of the collision threw appellee

against the arm of one of the seats of the car, bruising and injuring his head and ear. The cause was put at issue by a general denial. Damages to the amount of $2,000 were claimed. The jury returned a verdict, and judgment was rendered for $1,800.

The action of the court in overruling appellant's motion for a new trial is assigned as error. Appellant discusses the third, eighth and ninth reasons for a new trial.

In his complaint, appellee claims $50 for medicines, and medical and surgical attention. In answer to the interrogatory it appears that the jury included in the general verdict the sum of $300 for medicine, and medical and surgical attention. In behalf of the appellant it is contended that the amount which appellee could recover for these items of expense was only the reasonable value thereof, and that appellant was justified in relying on the specific statement in the complaint limiting such expenditures to $50, that such statement controlled the prayer of the complaint.

Section 388 Burns 1901, §385 R. S. 1881, provides that, if there be no answer, the relief granted cannot exceed the relief demanded. This may be construed to relate to the amount where pecuniary relief is sought. It does not apply to the case at bar, because an answer was filed.

The complaint might have been amended in the court below in the respect referred to, and should be deemed to be amended by this court. *Webb* v. *Thompson* (1864), 23 Ind. 428; *Numbers* v. *Bowser* (1868), 29 Ind. 491; *Colson* v. *Smith* (1857), 9 Ind. 8; *Bozarth* v. *McGillicuddy* (1898), 19 Ind. App. 26; *Evansville, etc., R. Co.* v. *Holcomb* (1894), 9 Ind. App. 198.

But this action of the court did no injustice to the appellant, for the evidence fully warranted the amount found by the jury for this item.

The statement by counsel for appellee in the concluding

argument complained of by the appellant was inexcusable. Said statement was, "Give him [plaintiff] $2,000.

3. The defendant will make that much money in the time you are signing your verdict." Counsel for appellant promptly objected, and moved that the remark be withdrawn from the consideration of the jury. The motion was sustained, and the jury directed not to consider it. Counsel then moved that the court withdraw the submission of the cause from the jury, and discharge the jury from further consideration of the cause. This motion was overruled. If the court erred, it was in overruling appellant's motion to discharge the jury. The court could have been justified in taking that course only upon the ground that appellant was, by reason of the remark complained of, prevented from having a fair trial. This conclusion we think could not have been warranted. The withdrawal of the statement from the jury and the direction of the court to disregard it will be presumed to have been properly heeded. *Southern Ind. R. Co.* v. *Davis* (1904), 32 Ind. App. 569; *Board, etc.,* v. *Redifer* (1903), 32 Ind. App. 93; *Shular* v. *State* (1886), 105 Ind. 289. In support of the proposition that the harm occasioned by the offense was not cured by the action of the court in withdrawing the remark, counsel for appellant cite the following cases: *Rudolph* v. *Landwerlen* (1883), 92 Ind. 34; *School Town of Rochester* v. *Shaw* (1885), 100 Ind. 268; *Brown* v. *State* (1885), 103 Ind. 133; *Campbell* v. *Maher* (1886), 105 Ind. 383. The facts are so essentially different in the above causes from those presented by the record before us that they are clearly distinguishable.

Complaint is made that the damages are excessive.

4. The claim is not borne out by the record.

Judgment affirmed.