## SOUTHERN RAILWAY COMPANY ET AL. *v.* ADAMS.

[No. 7,767.   Filed February 11, 1913.]

1. CARRIERS.—*Injury to Passengers.—Negligence.—Derailment of Train.—Res Ipsa Loquitur.—Complaint.*—Where the complaint, in an action against a railroad company for personal injuries, clearly shows that the relation of carrier and passenger existed, and that the plaintiff was injured by the derailment of the train, the rule of *res ipsa loquitur* applies, notwithstanding several causes are alleged to have produced the derailment.   p. 326.

2. CARRIERS.—*Injury to Passengers.—Derailment of Train.—Complaint.—Allegation of Particular Defects.—Proof.*—Where the complaint, in a passenger's action for injuries caused by the derailment of a train, alleges the particular defects that caused the derailment, the carrier is relieved from the burden of disproving or meeting any other negligence in regard to the derailment than that alleged, nor can the plaintiff prove any other causes than those alleged.   p. 327.

3. CARRIERS.—*Injury to Passengers.—Complaint.—Sufficiency.*—Where the complaint, in an action for injury to a passenger by the derailment of a train, charged negligence in three respects, namely, defective track, defective axles and excessive speed, and further alleged that thereby and on account of the negligent and careless manner in which the train was run and managed, it was derailed and plaintiff was thereby injured, sufficiently charged that the derailment was caused by the negligence of defendant and that such negligence was the proximate cause of the injury.   p. 328.

4. CARRIERS.—*Injury to Passengers.—Derailment of Train.—Particular Defects.—Proof.*—Where a passenger, in an action for injuries caused by the derailment of a train, alleged a number of defects as cause for the derailment, proof that the derailment was occasioned by any one or more of the causes alleged would warrant a finding for plaintiff.   p. 328.

Southern R. Co. *v.* Adams—52 Ind. App. 322.

5. TRIAL.—*Argument.—Statement of Counsel.—Objection.—Motion.*—Where a party objects to a statement made by counsel in argument, a part of which is proper and warranted by evidence, he should direct his motion to the objectionable part and not to the whole statement. p. 329.

6. APPEAL.—*Review.—Harmless Error.—Misconduct of Counsel.— Refusal to Set Aside Submission of Cause.*—Where counsel indulged in improper remarks in argument, and the court instructed the jury to disregard them, the refusal of the court to set aside the submission of the cause will not work a reversal, where there is nothing in the record to overcome the presumption that the instructions were heeded, or indicating that appellants were thereby prevented from having a fair trial. p. 329.

7. CARRIERS.—*Injury to Passengers.—Derailment of Train.—Negligence.—Presumptions.*—In a passenger's action for injuries caused by the derailment of a train, proof of the relation of carrier and passenger, and a derailment resulting in injury to the passenger, creates a presumption of negligence on the part of the carrier, entitling plaintiff to recover, unless it is removed by evidence, and plaintiff is not deprived of such presumption by the fact that he has alleged specific acts of negligence as causing the derailment. p. 330.

8. CARRIERS.—*Injury to Passengers.—Derailment of Train.—Instructions.—Refusal.*—Where, in a passenger's action for injuries caused by the derailment of a train, plaintiff alleged that the derailment was caused by defective axles, defective tracks and excessive speed, a requested instruction that to be entitled to recover the plaintiff must prove that the derailment was the result of the three causes combined, was properly refused. p. 330.

9. TRIAL.—*Instructions.—Refusal of Instructions.*—The refusal of requested instructions that are covered by other instructions given is not error. p. 330.

10. APPEAL.—*Review.—Harmless Error.—Instructions.* — An instruction that although a common carrier of passengers does not insure the safety of its passengers the law will not tolerate any negligence on the part of the carrier, though inaccurate in failing to limit the negligence to that charged in the complaint, is harmless where the omission was covered by other instructions given. p. 331.

From Harrison Circuit Court; *William Ridley,* Judge.

Action by Leander C. Adams against the Southern Railway Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Alex. P. Humphrey, Edward P. Humphrey, John D. Welman, Thomas J. Wilson, Frank Self, Walter V. Bulleit* and *Major W. Funk,* for appellants.

*Stotsenberg & Weathers, Paris & Trusty, W. T. Zenor* and *Ewing & Roose,* for appellee.

Felt, P. J.—This is a suit by appellee against appellants for damages alleged to have been sustained by reason of appellants' negligence.

The facts not in dispute show that appellants are common carriers of passengers; that appellee was a passenger on one of their trains, and while riding as such passenger, the train was derailed and appellee was injured. The jury returned a general verdict in favor of appellee, and with it, answers to 67 interrogatories.

Appellants have assigned as error the overruling of the demurrer to the complaint, the overruling of the separate motions of each appellant for judgment on the answers of the jury to the interrogatories, notwithstanding the general verdict, and the overruling of the motion of each appellant for a new trial.

The complaint charges, in substance, that appellee was a passenger on one of appellants' trains on January 28, 1909; that at that time appellants' track was defective at a point about three miles west of the city of New Albany, in this, that the rails were insufficient, were not properly spiked to the cross-ties, and that the ties were decayed and rotten; that the locomotive and cars comprising the train on which appellee was a passenger were old and out of repair and the axles of the same were imperfect and weak; that while appellee was such passenger and riding from the town of Corydon Junction to the city of New Albany, appellants ran said train carelessly and negligently at a high and unusual rate of speed to wit, 50 miles an hour; that said train was so carelessly, negligently and dangerously run over said defective and insufficient track, cross-ties and rails aforesaid,

and on a down grade without applying the brakes as should have been done; that appellants carelessly and negligently so ran said train at said high and dangerous rate of speed with said defective and insufficient locomotive and cars, "that thereby and by reason of all of which acts of carelessness and negligence on the part of said defendants as aforesaid, * * * said train and the car in which this plaintiff was riding while same was so negligently run as aforesaid and while so negligently run and being run at a down grade at and in the county of Floyd and State of Indiana, were so negligently and carelessly run and managed, that the car in which plaintiff was so riding together with other cars comprising the said train, were thrown from the said track and from said road down an embankment and * * * by reason of its sudden and immediate derailment * * * and without any fault or negligence on the part of this plaintiff, he was * * * greatly and severely injured."

It is asserted by appellants that the complaint does not charge either a negligent derailment or a negligent injury; that three interdependent causes of the derailment are alleged, viz.: defective track, defective axles and excessive speed, and that not one is shown to be the proximate cause of the injury; that under such a charge, though made in a passenger case, the rule of *res ipsa loquitur* has no application, and the complaint is bad because it fails to show a negligent derailment of the train, but does show that the derailment was the proximate cause of the injury; that the complaint is also insufficient to show a cause of action on any one of the alleged causes of the derailment, because it fails to show that any one of them was the proximate cause of the injury, but charges that all taken in combination, caused the derailment.

The complaint in this case proceeds on the theory of an injury by a common carrier to a passenger, caused by the

derailment of the train on which the passenger was
1.    riding. While several causes of the derailment are
alleged, we do not think the complaint falls within the
rule applicable, where several distinct acts of negligence are
charged as separately causing the injury, or within the rule
applicable where several negligent acts are alleged to have
operated jointly, or in combination, to produce the injury
complained of.

The complaint clearly shows that the relation of carrier
and passenger existed between appellants and appellee, and
where this is shown, and it also appears from the pleading
that the complaining passenger was injured by the derail-
ment of the train, the rule of *res ipsa loquitur* applies, not-
withstanding several causes are alleged to have produced the
derailment.

In the case of *Terre Haute, etc., R. Co.* v. *Sheeks* (1900),
155 Ind. 74, 56 N. E. 434, the court had under consideration
a case of a passenger alleged to have been injured by the
derailment of a train. The complaint charged several specific
defects with reference to a switch as the cause of the derail-
ment, and it was contended that without proof of all of the
specific defects alleged there could be no recovery, and the
court, in discussing the question, said on page 91: ''It
cannot be successfully asserted that because she by her com-
plaint has been more particular and specific in describing
the deficiences of the switch in controversy than was neces-
sarily required therefore she cannot recover unless she proves
all the particular defects as charged in the complaint.'' Also
on page 93 it is said: ''Upon no view of the case can it be
said, we think, that appellee, in order to succeed, must prove
all of the particular infirmities or deficiences alleged in re-
gard to the switch. As heretofore stated, proof of the
essence or gravamen of her cause of action would be suffi-
cient. The facts alleged in the complaint, disclosing as they
do the relation of passenger and carrier, also the occurrence
of the accident and the injuries sustained by appellee there-

by, enable her to avail herself of the benefit of the rule which authorizes, upon the consideration of such facts, the presumption of negligence upon the part of the carrier. The charge as to appellant's negligence in the construction and maintenance of the switch was notice to it to bring forward facts to show that there was no negligence in this respect, but it certainly cannot be affirmed that, by the particular averments in her complaint, she thereby relieved appellant of the burden of showing, under the circumstances, what the law exacted of it. The duty of a railroad company engaged in carrying passengers is one well defined. While the company, as a carrier of passengers, is not an insurer of their safety, still, in consideration of the great danger to human life consequent upon the neglect of duty upon the part of the company, the law exacts of it the exercise of the highest practicable care for the safety of its passengers in the operation of its trains, and in keeping its road, machinery and appliances in a safe condition; and for any failure to exercise such care, and for slight neglect of its duty in this respect, it is liable to a passenger, who is himself without fault, for an injury sustained as the result of such negligence.''

In the case from which the foregoing is quoted it is also stated, in substance, that the effect of alleging in a pleading the particular defects that caused a derailment 2. resulting in an injury to a passenger, is to relieve the carrier from the burden of disproving or meeting ''any other negligence in regard to the derailment of the train'' than that alleged, for the reason that having specified the particular defects or acts of negligence, the plaintiff will be confined to them, and not allowed to prove other causes of the derailment than those alleged.

Appellants concede that the complaint shows that the derailment was the proximate cause of the alleged injury, and that it would be sufficient if it charged in general terms a negligent derailment or a negligent injury.

The complaint charges negligence in three respects, viz.: defective track, defective axles and excessive speed, and further alleges that thereby and on account of the

3. negligent and careless manner in which said train was run and managed it was thrown from the track, down an embankment, and by reason thereof appellee was injured without any fault or negligence on his part. These averments, when fairly construed, charge that the derailment was caused by the negligence of appellants, and show that such negligence was the proximate cause of appellee's alleged injury. *Domestic Block Coal Co.* v. *De Armey* (1913), 179 Ind. ——, 100 N. E. 675, 102 N. E. 99. The complaint states a cause of action, and the trial court did not err in overruling the demurrer thereto.

Appellants insist that their motion for judgment on the answers of the jury to the interrogatories, notwithstanding the general verdict, should have been sustained, and

4. in support of this contention refer to the answers which, in substance, show that the derailment of the train on which appellee was a passenger was not caused by any axle or axles of said train; that the derailment was "not caused by something else than said track, speed and axles;" that the derailment was caused by the condition of the track and the speed of the train. Conceding, but not deciding, that appellants are right in their contention that the answers to the interrogatories show that the derailment was caused by the speed of the train and the condition of the track, and not by those two causes acting jointly in combination with the defective axle, under our construction of the complaint the motion was rightly overruled, for the negligent derailment of the train by one or more of the alleged causes was sufficient on this point to warrant a finding for appellee.

One of the grounds for a new trial is the alleged misconduct of one of appellee's counsel in his closing argument to the jury, in referring to the extent of the road and the

property of appellants.  Objection is also made to the following remarks: "I take the side of the people against the corporations, and no truer thing was ever said by Billy Bryan and reiterated by Teddy Roosevelt, than, if the railroads and corporations of this country cannot be curbed and controlled that this Republic must fail."  On the trial, appellants moved the court to withdraw each of said remarks from the jury, with instructions not to consider them, and also moved the court to set aside the submission of the case and to discharge the jury.  As to the statement in regard to the extent of the property, there was evidence tending to show appellants' road master had under his supervision over 500 miles of road.  This evidence warranted at least a part of the statement complained of on the subject of the extent of property, and the motion was directed to the whole statement.  Where it is possible to separate the objectionable from the unobjectionable part of a statement, the motion should be directed to the objectionable part only.

The court sustained the motion to withdraw each of said remarks from the jury and instructed it to disregard the same.  While such remarks are not commendable, and should not be indulged in by counsel, in view of the action of the trial court in withdrawing the remarks and instructing the jury to disregard them, we are not convinced that appellants were harmed by the refusal of the court to set aside the submission of the cause.  On the showing made in this case it will be presumed that the instructions of the court were heeded, and that the improper remarks did not prevent appellants from having a fair trial.  *Southern R. Co.* v. *Bulleit* (1907), 40 Ind. App. 457, 459, 82 N. E. 474; *Pigg* v. *State* (1896), 145 Ind. 560, 564, 43 N. E. 309; *Board, etc.,* v. *Redifer* (1903), 32 Ind. App. 93, 98, 69 N. E. 305; *Southern Ind. R. Co.* v. *Davis* (1904), 32 Ind. App. 569, 581, 69 N. E. 550.

Appellants also complain of the refusal of the court to

give several instructions tendered, and of the giving of a number of instructions. Instruction No. 4, tendered by appellants, in so far as it was applicable to the issues, was covered by other instructions given. We cannot approve the instruction as tendered, for the reason that it, in effect told the jury that because appellee had alleged specific acts of negligence as causing the derailment he was not entitled to the benefit of the presumption of negligence of appellants on proof of the relation of carrier and passenger, and a derailment resulting in an injury to the passenger. Proof of such facts makes a *prima facie* case of negligence on the part of the carrier, and entitles the injured passenger to a recovery, unless such presumption is removed by the evidence.

Instruction No. 5, tendered and refused, in effect stated that to be entitled to recover, the plaintiff must prove by a preponderance of the evidence that the derailment was the result of the imperfect track, imperfect and defective axles and of the speed of the train, combined. This instruction is erroneous, and was rightly refused for reasons already stated in this opinion.

Instructions Nos. 7 and 17 refused, as far as applicable to the issues, were covered by others given, and no error was committed in refusing them.

Most of the objections to the instructions given by the court are based on appellants' construction of the complaint, and under our view are not tenable, for reasons apparent from our discussion of the complaint.

The jury was clearly instructed on the burden of proof, and the burden of maintaining the affirmative of the issue of negligence charged in the complaint was not shifted to appellants, as asserted by them. The jury was also told that if it found that the car in which appellee was riding was derailed by something not alleged in the complaint as causing its derailment, or by some unforeseen or unexplainable

accident, and appellants were exercising the highest practical care and skill for the safety of their passengers, there could be no recovery. This gave appellants the full benefit of the limitations of proof set by the specific allegations of the causes of the derailment.

Complaint is also made that the court by its fourth instruction told the jury that although a common carrier of passengers does not insure the safety of its passengers, the law will not "tolerate any negligence on the part of said carrier." The instruction is not technically accurate, as it fails to limit the negligence to that charged in the complaint. In view of the other instructions given on the subject of the proof required to authorize a finding against appellants, they could not have been harmed by this omission. Furthermore, the error is rendered harmless in this case by reason of the fact that the jury expressly finds in its special verdict that appellants were guilty of negligence in causing the derailment in the manner and by the means charged in the complaint. *Baum* v. *Palmer* (1905), 165 Ind. 513, 518, 76 N. E. 108; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 76 N. E. 299, 4 L. R. A. (N. S.) 1081. The instructions considered as a whole fairly and accurately state the law applicable to the issues and the evidence, both on the subject of liability and the measure of damages.

We find no available error in the record, and the judgment is therefore affirmed.

NOTE.—Reported in 100 N. E. 773. See, also, under (1, 3) 6 Cyc. 626; (2, 4, 8) 6 Cyc. 628—New Anno.; (5) 38 Cyc. 1508; (6) 3 Cyc. 386; (7) 6 Cyc. 628; (9) 38 Cyc. 1711; (10) 38 Cyc. 1782. As to derailed car or broken rail as *res ipsa loquitur*, see 20 Am. St. 491. As to legal theory of causal connection in respect of proximate cause, see 36 Am. St. 807. As to counsel's misconduct in course of argument as ground for reversal, see 9 Am. St. 564. On the question of pleading particular cause of injury as waiver of right to rely on *res ipsa loquitur*, see 24 L. R. A. (N. S.) 788. As to the relation of doctrine *res ipsa loquitur* to burden of proof, see 16

L. R. A. (N. S.) 527. Upon the presumption of negligence from injury to passenger, see 13 L. R. A. (N. S.) 601; 29 L. R. A. (N. S.) 808. For a discussion of the derailment of a train or car as evidence of negligence on the part of a carrier of passengers, see 12 Ann. Cas. 1045.