# Home Telephone Company *v.* Weir.

[No. 8,005.   Filed May 27, 1913.]

1. Negligence.— *Contributory Negligence.— Instructions.*—Where instructions are given stating that plaintiff is entitled to recover on proof of the allegations of the complaint, they may be cured by other instructions which fully cover the defense of contributory negligence.   p. 469.

2. Telegraphs and Telephones.—*Operation.—Maintenance.—Occupation of Streets.—Duty.*—It is the duty of a telephone company to exercise ordinary care to use and maintain its wires along and over streets so as to prevent the same from becoming dangerous, but such duty is not absolute.   p. 469.

3. Telegraphs and Telephones.—*Operation.—Maintenance.—Instructions.*—In an action for injuries to plaintiff's eye caused by the defective condition of a telephone line along a street, the defect in an instruction imposing on defendant the absolute duty to so maintain its wires as not to obstruct or render dangerous

the use of the street was not rendered harmless by the further statement, "if it negligently failed to so maintain its wires, then it must respond in damages." p. 470.

4. TELEGRAPHS AND TELEPHONES.—*Defective Wires.—Evidence.— Notice.*—In order to recover for injuries caused by the defective condition of telephone wires along a highway, it is not necessary that the .evidence should establish the fact that defendant had actual notice of the defect. p. 470.

5. TELEGRAPHS AND TELEPHONES.—*Defective Wires.—Notice.—Instructions.*—In an action for damages caused by a defective telephone wire along a street, an instruction from which the jury could infer that, if defendant had notice of the condition of the wires in any part of the town, it would be charged with notice of the defect at the point where plaintiff was injured, was erroneous. p. 471.

6. APPEAL.—*Review.—Misconduct of Counsel.*—Misconduct of counsel in a personal injury case in referring to the presence of the representative of an insurance company is not available for reversal, where the court withdrew the remarks from the jury and instructed it not to consider them. p. 471.

From Clark Circuit Court; *George H. D. Gibson,* Special Judge.

Action by Oscar Weir against the Home Telephone Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*M. Z. Stannard* and *Jonas G. Howard, Jr.,* for appellant.
*L. A. Douglass* and *S. G. Wilkinson,* for appellee.

SHEA, J.—Appellee brought this action to recover damages from appellant for injuries alleged to have been sustained by reason of its negligence in permitting a wire extending between certain of its poles, to hang down, with the end of which appellee came in contact and was struck in the left eye. A demurrer to the complaint in one paragraph was overruled. Answer in general denial. A trial of the issues formed resulted in a verdict and judgment for appellee. Appellant's motion for a new trial was overruled, and this ruling is assigned as error.

Briefly, the facts as shown by the complaint, are, that appellant is a corporation engaged in operating a tele-

phone system between various points in Indiana, among them the town of Sellersburg, Clark County, Indiana, where for some years prior to February 10, 1903, it had conducted its business and maintained an exchange; that in the conduct of its business appellant had erected in said town a large number of poles, on which were strung metal wires, by means of which it transmitted messages. Some of these poles were located on Maple Street, an improved public highway and street in a thickly settled part of the town, which was much frequented and traveled by the public generally. Several days previous to the date of the injury complained of, one of the metal wires attached to a pole on Maple Street had broken down, and hung over the sidewalk on the west side of the street, the end of it extending to about five feet of the surface of the sidewalk; that appellant knew the wire was down and so hanging for as much as three days prior to the happening of the injury, or with reasonable diligence might have known of this condition, and with this knowledge carelessly and negligently failed to remove the wire and permitted it to so remain until after appellee was injured; that the end of the metal wire was broken off at an angle, and the edge was very sharp at the point of breakage; that while appellee, on February 3, 1910, was lawfully using and passing along Maple Street, where the wire was hanging down, said wire, without any fault or negligence on his part, came in contact with his left eye, striking the eyeball, and severely cutting and lacerating it.

Under the motion for a new trial the errors presented are the giving of instructions Nos. 1, 3, 8 and 13 requested by appellee, and the misconduct of counsel in argument. Instruction No. 1 sets out numerous facts upon which it bases a statement that appellee would be entitled to recover if all the material allegations of the complaint are proved. It is urged that the defense of contributory negligence was at issue, and that even though the averments of the com-

plaint are proved, the plaintiff would not be entitled to re-
cover if contributory negligence is also shown; that the lan-
guage is therefore misleading and harmful, and that the
averments of the complaint, if proven, simply make a *prima
facie* case. Instruction No. 8, in addition to other infirmi-
ties which will be pointed out, also states that if the material
allegations of the complaint "have been proven to your
satisfaction, your verdict should be for the plaintiff"; like-
wise instruction No. 13 ignores the defense of contributory
negligence, and singles out and gives prominence to cer-
tain phases of the evidence, which, it is urged, invades the
province of the jury.

1. It has been held by this court as well as the Su-
preme Court, that where instructions are given stat-
ing that plaintiff is entitled to recover upon proof of
the allegations of the complaint omitting the defense of con-
tributory negligence, they may be cured by other instruc-
tions which fully cover such defense. In view of the
fact that there are other instructions which fully cover
the defense of contributory negligence, this instruction
was not erroneous. *Newcastle Bridge Co.* v. *Doty*
(1907), 168 Ind. 259, 79 N. E. 485; *McIntyre* v. *Orner*
(1906), 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N.
S.) 1130, 117 Am. St. 359, 8 Ann. Cas. 1087; *Indianapolis
Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160, 77
N. E. 1040. But there are other infirmities in the instruc-
tions which we feel can not receive the sanction of

2. this court. By instruction No. 3 the jury is told
that: "It was the *absolute duty* of defendant to so
use and maintain its wires along and over said streets and
public places so as not to obstruct the use of the street by
the public or render it dangerous for use." This instruc-
tion makes it, as the language shows, the absolute duty of
appellant to have its wires at all times in such condition that
the streets could be used without danger to the public. It
is the duty of appellant to use ordinary care to use and

maintain its wires along and over the streets so as to prevent their becoming dangerous, but this duty is not absolute. *Terre Haute, etc., Traction Co.* v. *Latham* (1913), *ante* 366, 101 N. E. 746; *Dooley* v. *Town of Sullivan* (1887), 112 Ind. 451, 14 N. E. 566, 2 Am. St. 209; *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370, 68 N. E. 195; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235. Appellee's able counsel insist that this

3. language is explained and made harmless by the following language used in the same instruction—"if it negligently failed to so maintain its wires, then it must respond in damages," but this court is not able to so construe the language. In the case of *Terre Haute, etc., Traction Co.* v. *Latham, supra,* it is said: "The instruction imposes the absolute duty on appellant to maintain the highway with reference to its tracks in such a condition as to be reasonably safe for use, whereas the law exacts only reasonable care and skill in this regard. The instruction was therefore erroneous." "Absolute" is defined in the Century Dictionary as "free from every restriction"; "unconditional"; "fixed"; "determined"; "not merely provisional"; "irrevocable". In *Cumberland Tel., etc., Co.* v. *Pierson* (1908), 170 Ind. 543, 84 N. E. 1088, the court in passing upon the sufficiency of a complaint uses this language: "Appellant was entitled under the law to a reasonable time in which to make necessary repairs, after obtaining actual knowledge or constructive notice of the alleged defect, before responsibility for neglect to make proper repairs could attach." This correctly states appellant's duty and is inconsistent with the statement in the instruction that it was appellant's absolute duty to keep its wires safe for public use, which took no account of delays in notice or unavoidable accidents. This instruction is therefore erroneous.

Instruction No. 8 contains this language: "It is

4. not necessary that the evidence establish the fact that defendant had actual notice of the existence of the

broken and hanging wire at said place prior to the time of the accident in order to render it liable in damages in this case.'' So much of the instruction states the law correctly; then follows: ''If it received notice that any of its wires were down in the town of Sellersburg, it was its duty to investigate the report and notice within a reasonable time, and to be diligent in making said investigation, and if the evidence shows you that after receiving said information the company was not diligent in investigating the notice, and discovering the condition of the wire, and that if it had been diligent in making said investigation it would have learned of the location and situation of the broken and hanging wire in time to have removed it before the accident to plaintiff, then I instruct you that you have the right to find that defendant was guilty of negligence in permitting the said wire to be there at the time of the accident, and if the other material allegations of the complaint have been proved to your satisfaction, your verdict should be for the plaintiff.''

5. The jury might infer from this instruction that if appellant had notice of the condition of the wires in any part of the town of Sellersburg, it would be charged with notice of the condition of the wire at the point where appellee was injured, however remote it might be. The instruction in this respect is erroneous, as being misleading and confusing to the minds of the jury. In view of the errors pointed out in the instructions, the court is not able to say they were harmless.

6. The misconduct on the part of counsel in referring to the presence of some representative of an insurance company, during the progress of the trial, was reprehensible, and the court rightly withdrew the remarks from the jury, and instructed the jury not to consider them, so that any error which might be predicated on such misconduct was cured. The theory of the law in this State is that any harm that may come from such misconduct is cured by the court's instructions. Appellant's learned counsel has

cited many authorities from other states which support his earnest contention that the alleged misconduct is sufficiently harmful to warrant the court in reversing the cause. This, however, is not the rule in Indiana, and this court is bound by the rule often announced by the Supreme Court. *Smith* v. *State* (1905), 165 Ind. 180, 74 N. E. 983, and authorities cited. See, also, *Southern R. Co.* v. *Bulleit* (1907), 40 Ind. App. 457, 82 N. E. 474; *Southern Ind. R. Co.* v. *Davis* (1904), 32 Ind. App. 569, 69 N. E. 550.

For the errors pointed out, this cause is reversed and a new trial ordered. Judgment reversed.

NOTE.—Reported in 101 N. E. 1020. See, also, under (1) 38 Cyc. 1785; (2) 37 Cyc. 1638, 1639; (3) 37 Cyc. 1646; 38 Cyc. 1782; (4) 37 Cyc. 1639; (5) 37 Cyc. 1646; (6) 38 Cyc. 1503. As to improper remarks of counsel in course of argument, see 56 Am. Rep. 814; 58 Am. Rep. 648. On the general question of liability for injury or death of traveler coming in contact with electric wire in highway, see 31 L. R. A. 566; 22 L. R. A. (N. S.) 1169.