**ROSENZWEIG et al. v. HINES, Director General of Railroads.**

(District Court, W. D. New York. February 20, 1922.)

No. 1974.

Negligence ⚖=>121(2)—Allegation of specific negligence does not exclude rule of res ipsa loquitur.

Where the complaint in an action for wrongful death alleges that decedent was a passenger on a train of defendant railroad company and was killed in a collision between trains the rule of res ipsa loquitur is not excluded by the fact that the complaint also alleges specific acts of negligence.

At Law. Action by Benjamin Rosenzweig and Edmund J. Stafford, administrators of the estate of Frances Adelaide Doherty, deceased, against Walker D. Hines, Director General of Railroads. On motion by defendant for new trial. Denied on condition that plaintiffs stipulate for reduction from amount of verdict.

Charles P. O'Neil and Edmund J. Stafford, both of Detroit, Mich., for plaintiffs.

Locke, Babcock, Spratt & Hollister, of Buffalo, N. Y. (R. C. Vaughan, of Buffalo, N. Y., of counsel), for defendant.

⚖=>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HAZEL, District Judge.   Error is assigned in the charge of the court that a presumption of negligence arose from the mere happening of the accident.   The record shows that, after stating that the deceased was a passenger on the defendant's train, the court said to the jury that in view of the circumstances and relations existing between the deceased and the railroad company, a presumption of negligence arose from the occurrence of the injury that the presumption was not unwarranted that the accident occurred because of the negligent operation of the railroad in question that—

"It is the law, where injuries are sustained by a passenger in a railroad train owing to a wreck, derailment of a car, collision, or through faulty equipment of a roadbed, the happening in itself is prima facie evidence of negligence on the part of the railroad company, and unless the prima facie evidence is explained or repudiated, you may conclude that the accident happened because of the negligent operation of the train."

The presumption of negligence, the defendant contends, does not exist where the complaint, as in this case, first in general terms, and then specifically, alleged the negligence of the defendant company which induced the mishap.   The complaint, however, also alleges (subdivision E) wherein the specific acts of negligence are charged, that the defendant negligently permitted one of its trains to collide with another train on the same track which was standing still in front of it and in which the plaintiff was a passenger.   This inclusion, even though it is a part of the specific charge of negligence, I think justified submitting the case to the jury under the rule of res ipsa liquitur.   It is true there are decisions in various states holding in effect that when a declaration sets forth specific acts of negligence, the rule relating to prima facie negligence arising from the circumstances does not apply; but in these decisions the declaration was not governed by any Code of Civil Procedure providing for methods of pleading.   Section 522 of the Code of Civil Procedure substantially states that the allegations of the complaint are taken as true unless controverted by the answer, and in the answer herein the collision, as alleged in the complaint, is admitted. Accordingly, the plaintiff cannot be deemed to have waived his rights to rely on the ipsa loquitur rule.   Indeed, there are numerous adjudications in disagreement with the rule of abandonment stated in the citations upon which the defendant relies, and the weight of authority favors the rule announced in Massachusetts, in Cassady v. Old Colony Street Ry., 184 Mass. 156, 68 N. E. 10, 63 L. R. A. 285, wherein it was said:

"The defendant also contends that even if originally the doctrine [of res ipsa loquitur] would have been applicable, the plaintiff has lost or waived her rights under that doctrine, because, instead of resting her case solely upon it, she undertook to go farther and show particularly the cause of the accident. This position is not tenable. * * * An unsuccessful attempt to prove by direct evidence the precise cause does not estop the plaintiff from relying upon the presumptions applicable to it."

And in Southern Ry. Co. v. Adams, 52 Ind. App. 322, 100 N. E. 773, the court said:

"The complaint clearly shows that the relation of carrier and passenger existed between appellants and appellee, and where this is shown, and it also

appears from the pleadings that the complaining passenger was injured by the derailment of the train, the rule of res ipsa loquitur applies, notwithstanding several causes are alleged to have produced the derailment."

Since the plaintiffs have complied with the state statute in alleging liability on the part of the defendant company, which finds support in the evidence, the case, in my view, was properly submitted to the jury under the res ipsa loquitur rule.

It is also contended that the verdict of $28,000, rendered by the jury in favor of plaintiffs, is excessive. The evidence with relation to the recovery has been carefully considered, and the conclusion reached that the award is excessive. It is true the beneficiaries would have received from her, had she not been killed, not only the nurture that only a mother can give to infant children, but also a high order of training, intellectual, moral, and physical. But in view of the fact that the father was also killed in the same accident, for which a recovery has been rendered since the verdict herein, which substantially included as one of the elements of pecuniary loss the same element of deprivation of intellectual, moral, and physical training that the jury considered in this action, I feel that in reason and justice there should be a reduction. Besides, it is quite probable that the circumstances of the occurrence and the premature death of the mother of the beneficiaries, and their infancy naturally appealed to the sympathy of the jury. In addition thereto, it is not improbable that they believed they had the right to include in their estimate the loss of society and companionship. Hence I think a reduction of the verdict to $22,000 would be reasonable and just.

If plaintiffs stipulate to reduce the verdict to that amount within 15 days, the motion for a new trial will be denied; but, if they decline, an affirmative order may be ordered.